```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA         :

     v.                          :  Criminal Action No. DKC 94-0241

LINWOOD GRAY,                    :
DARRELL BRACEY, and
RONALD HUMPHRIES                 :

                              ----------

LINWOOD GRAY                     :

     v.                          :  Civil Action No. DKC 97-4287

UNITED STATES OF AMERICA         :

                              ----------

RONALD HUMPHRIES                 :

     v.                          :  Civil Action No. DKC 97-4288

UNITED STATES OF AMERICA         :

                              ----------

DARRELL BRACEY                   :

     v.                          :  Civil Action No. DKC 97-4289

UNITED STATES OF AMERICA         :
```

**MEMORANDUM OPINION**

Presently pending is a motion pursuant to Fed.R.Civ.P. 60(b) filed by federal inmates Linwood Gray, Ronald Humphries, and Darrell Bracey (collectively, "Petitioners"). For the reasons that follow, Petitioners' motion will be denied.

**I.   Background**

On February 21, 1995, following a jury trial, Petitioners were each found guilty of participating in a heroin and cocaine distribution conspiracy.  Petitioners Gray and Humphries were also convicted of distribution of heroin.  Following sentencing, Petitioners collectively appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed their convictions.  Thereafter, the Supreme Court of the United States denied *certiorari*.

In December 1997, Petitioners filed separate, but nearly identical, *pro se* motions pursuant to 28 U.S.C. § 2255, alleging, *inter alia*, that the Government: (1) knowingly introduced at trial the perjured testimony of various witnesses; and (2) obstructed justice by causing another witness, who testified before the grand jury, to be unavailable at trial, and by fabricating and/or withholding various pieces of evidence. Petitioner Gray additionally filed a motion seeking leave to conduct discovery.  By an order dated September 8, 1999, this court denied those motions.  Petitioners subsequently sought review of that decision, but the Fourth Circuit denied their requests for certificates of appealability and dismissed their appeals.  Over the next several years, Petitioners filed motions pursuant to 28 U.S.C. § 2244, seeking permission to file

2

successive petitions. Those motions were denied by the Fourth Circuit.

On or about April 6, 2007, Petitioners filed the pending motion, titled "Joint Motion to Reinstate 28 U.S.C. § 2255-Habeas Petitions," seeking relief pursuant to Fed.R.Civ.P. 60(b)(6). Petitioners allege that the court's denial of their respective § 2255 petitions was "based upon material and deliberate fraud perpetrated upon the court during the trial and post-conviction proceedings." (Paper 272 at 1).[1] Specifically, they contend that the Government violated their due process rights by "employing perjury[;] procuring the unavailability of a key government witness; suppressing material and exculpatory evidence; preparing and filing false affidavits by law enforcement officials; violating *Brady*, *Giglio*, *Lewis*[, and] Fed.R.Crim.P. Rule 16[;] and paying government witnesses." (*Id.*) (emphasis removed). Petitioners assert that the court

---

[1] The court has considered whether, pursuant to *United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003), the pending motion ought to be considered, in whole or in part, as a successive § 2255 petition. Because the instant motion challenges the court's previous denial of Petitioners' § 2255 applications based on alleged fraud occurring during the collateral proceedings, it is properly considered under Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). In any event, Petitioners' reliance upon Rule 60(b) and express denial that their motion may be construed as a successive § 2255 petition (Paper 272 at 12; Paper 278 at 2), makes clear that they would elect to withdraw any claims that could be construed as successive. *See Winestock*, 340 F.3d at 207.

erred by ruling on their petitions without conducting a hearing, and that had an evidentiary hearing been held, the requested relief would have been granted. Petitioners seek "to have the prior judgment set aside and [to] be allowed to amend their prior § 2255 motions in order to have the motions determined anew." (*Id*. at 4).

**II. Analysis**

Rule 60(b) sets forth six bases pursuant to which a party may obtain relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b)(2006).[2] The rule specifically requires that a motion be made "within a reasonable time, and for reasons (1),

---

[2] The quoted portion of Rule 60(b) is from the version of the rule in effect at the time Petitioners filed their motion, rather than the current version, which was amended as of December 1, 2007.

4

(2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." *Id*. Significantly for purposes of the instant motion, Rule 60(b) also includes several savings provisions, one of which provides that the rule "does not limit the power of a court . . . to set aside a judgment for fraud upon the court."

Here, Petitioners invoke the catch-all provision of Rule 60(b)(6). The Supreme Court discussed the proper application of Rule 60(b)(6) in *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988):

> Rule 60(b)(6), upon which respondent relies, grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-615, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949), while also cautioning that it should only be applied in "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

(internal footnote omitted).

In order to prevail on any motion under Rule 60(b), a movant is required to meet certain "threshold conditions."

*National Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). Specifically, it must be shown that (1) the motion is timely, (2) there is a meritorious defense, and (3) the opposing party would not suffer unfair prejudice by having the judgment set aside. *Id.* (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)). A motion under subsection (b)(6), however, is also required to demonstrate "extraordinary circumstances." *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000). The Fourth Circuit has interpreted this requirement to mean that "'the newly-submitted evidence must establish a fact 'so central to the litigation that it shows the initial judgment to have been manifestly unjust.'" *Moore v. Bethesda Fire Dept., Inc.*, 937 F.2d 603, *5 (4th Cir. 1991) (Table) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

Only if these threshold conditions are met does the analysis proceed to the second stage of inquiry, in which the movant must satisfy one or more of the six grounds for relief set forth in Rule 60(b)(1)-(6). *See Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984). If the movant is able to establish the elements of the first and second stages of this analysis, the court must then "balance the competing policies favoring

finality of judgments and justice being done in view of all the facts, to determine, within its discretion, whether relief is appropriate in each case." *Square Constr. Co. v. Washington Metro. Area Transit Authority*, 657 F.2d 68, 71 (4th Cir. 1981). Indeed, granting relief from a judgment pursuant to Rule 60(b) is a matter committed to the discretion of the district court. *See Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973).

Petitioners' motion must fail as untimely. Rule 60(b) contemplates that a party may file a motion for relief from a judgment or order under clauses (1), (2), or (3) within one year of entry of judgment, and under clauses (5) or (6) within a "reasonable time." It is incumbent upon the movant to "make a showing of timeliness." *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). What constitutes a "reasonable time" for the filing of a Rule 60(b) motion "'depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.'" *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

7

Insofar as Petitioners have invoked the catch-all provision of Rule 60(b)(6), their motion is subject to only a reasonableness time limitation. The basis of their motion, however, is fraud by the adverse party; thus, it would seem to fall squarely within the rubric of subsection (b)(3), in which case it would be subject to a one-year limitation period. As it is undisputed that Petitioners' motion was filed more than one year after the date the judgment denying their § 2255 motions was entered, Petitioners appear to attempt an end-run around the procedural bar of subsection (b)(3) by invoking subsection (b)(6). Courts considering similar issues have repeatedly found that "an action may not be brought under Rule 60(b)(6) if it is premised on one of the grounds for relief enumerated in the specific clauses in Rule 60(b)." *LinkCo, Inc. v. Akikusa*, 615 F.Supp.2d 130, 136 (S.D.N.Y. 2009) (citing *Liljeberg*, 486 U.S. at 864 n.11); *see also Great Coastal Express, Inc. v. International Bhd. of Teamsters*, 675 F.2d 1349, 1355 (4th Cir. 1982) (Rule 60(b)(6) "cannot be used to circumvent the one-year limitation for grounds specified previously in the rule"); *United States v. McBride*, 51 Fed. Appx. 586, 588 (7th Cir. 2002). Because Petitioners neglected to file their motion within the one-year limitations period under Rule 60(b)(3), it is time-barred.

Petitioners argue that because the adverse party that allegedly committed the fraud in this case was an Assistant United States Attorney, *i.e.*, an "officer of the court," their motion could only be cognizable as a "fraud upon the court" under Rule 60(b)(6), and thus is not subject to a one-year time limit. While the case law on this point is somewhat conflicted, there is support for this proposition in the Fourth Circuit:

> Courts and authorities agree that "fraud upon the court" must be narrowly construed so that this "otherwise nebulous concept" does not "overwhelm the specific provision of 60(b)(3) and its time limitation and thereby subvert the balance of equities contained in the Rule." *Great Coastal Express, Inc. v. International Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir.1982) (citing numerous cases). Because the power to vacate a judgment for fraud upon the court is so free from procedural limitations, it "is limited to fraud that 'seriously' affects the integrity of the normal process of adjudication," 12 James Wm. Moore et al., Moore's Federal Practice ¶ 60.21[4] [a] (3d ed. 1999). For example, fraud upon the court includes fraud by bribing a judge, or tampering with a jury, or fraud by an officer of the court, including an attorney. *See id.* ¶ 60.21[4][a], [b].
>
> Fraud between parties, however, "is not fraud on [the] court" even if it involves "[p]erjury by a party or witness." Id. ¶ 60.21[4][c]; *see also, e.g., United States v. Throckmorton*, 98 U.S. (8 Otto) 61, 66, 25 L.Ed. 93 (1878) ("The doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured

9

> evidence"); *Geo. P. Reintjes Co. v. Riley Stoker Corp.*, 71 F.3d 44, 49 (1st Cir.1995) ("perjury alone, absent allegation of involvement by an officer of the court ... has never been sufficient [to constitute fraud upon the court justifying collateral *131 attack]") (citing numerous cases); *Great Coastal Express*, 675 F.2d at 1357 ("courts confronting the issue have consistently held that perjury or fabricated evidence are not grounds for relief as 'fraud on the court'") (citing numerous additional cases).

*In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 130-31 (4th Cir. 2000); *but see, e.g., Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2nd Cir. 2001) (under Rule 60, "a court might vacate a judgment denying habeas pursuant to . . . . Clause (3), if it determines that the respondent engaged in fraud by entering evidence it knew to be fraudulent into the record of the federal habeas proceeding").

Even allegations of "fraud upon the court," however, must be raised "within a 'reasonable time of the discovery of the fraud.'" *North Emerson-West v. Redman*, 630 F.Supp.2d 373, 376 (D.Del. 2009) (quoting *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007). Here, Petitioners have failed to establish that their motion, filed well over seven years after their § 2255 petitions were denied, was timely filed. In fact, they have failed even to address this point, and it appears that the vast majority, if not all, of their claims were

10

known to them at either the time the Government filed its opposition papers or when this court issued its decision denying on their § 2255 petitions.  *See McLawhorn*, 924 F.2d at 538 (holding that a delay of three to four months was unreasonable). In any event, Petitioners have not come close to establishing "extraordinary circumstances" sufficient to permit the reinstatement of their § 2255 petitions at this late date. Thus, even if their motion were properly considered under Rule 60(b)(6), it would not be timely.

**III. Conclusion**

For the above stated reasons, a separate Order shall be entered denying Petitioners' motion filed pursuant to Fed.R.Civ.P. 60(b).

                                      _____/s/_____
                                      DEBORAH K. CHASANOW
                                      United States District Judge